# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| OVERSEAS PRIVATE INVESTMENT CORPORATION, | Case No.: **2:11-cv-00208-GMN-PAL** |
| Plaintiff, | **ORDER** |
| vs. | |
| CASAMAR HOLDINGS, INC., | |
| Defendant. | |

Before the Court is Plaintiff Overseas Private Investment Corporation's ("OPIC") Motion for Entry of Default Judgment Against Defendant Casamar Holdings, Inc. (Doc. No. 13). Defendant Casamar Holdings, Inc. ("Casamar") was served by Plaintiff with the Summons and Complaint on February 28, 2011, and Defendant Casamar has not filed an answer or made an appearance in this case. The Clerk's Entry of Default was entered on May 3, 2011 as to Defendant Casamar.

Plaintiff's motion is made pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Plaintiff bears the burden of proving entitlement to the sum sought in its motion; whether to enter a judgment by default is a decision entrusted to the sound discretion of the district court. *See Bender Shipbuilding & Repair Co., Inc., v. Vessel DRIVE OCEAN V*, 123 F.Supp 2d 1201, 1208 (S.D. Cal. 1998), aff'd, 221 F.3d 1348 (9th Cir. 2000).

The Court has considered the following factors: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d

1470, 1471 (9th Cir. 1986).

It appearing that a proper factual basis exists for the court's award, the court will forego a hearing. Despite the strong public policy favoring decisions on the merits, Defendant Casamar's default occurred after it failed to file an answer to the complaint. Defendant Casamar wholly failed to wage a defense. A review of Plaintiff's motion plainly demonstrates that Plaintiff's complaint is sufficient, the claims are likely meritorious and Plaintiff will suffer further prejudice without a judgment because Defendant Casamar will not pay the amount owed without a judgment. The sum at stake directly corresponds to the amount contemplated in the parties' agreement and there is little possibility of a dispute concerning the material facts.

Accordingly, the Court exercises its discretion and hereby enters a default judgment in favor of Plaintiff Overseas Private Investment Corporation and against Casamar Holdings, Inc., as follows:

**IT IS HEREBY ORDERED** that Judgment be entered in favor of Plaintiff and against Defendant in the amount of $981,953.96, together with post judgment interest that will continue to accrue in the amount of $209.55 per day, as agreed upon pursuant to the contract between the parties; and

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney's fees and costs pursuant to the contract between the parties in the amount of $2,851.30.

DATED this 30th day of November, 2011.

_____
Gloria M. Navarro
United States District Judge