**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OVERSEAS PRIVATE INVESTMENT CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> CASAMAR HOLDINGS, INC., <br><br> Defendants. | Case No.: 2:11-cv-00208-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 19) filed by Plaintiff Overseas Private Investment Corporation ("Plaintiff").

## I. BACKGROUND

This case originally arose from a loan agreement between Plaintiff and two wholly owned subsidiaries of Defendant Casamar Holdings ("Defendant"). (Compl. ¶ 5, 9, ECF No. 1.) Under this loan agreement, Defendant borrowed $1.1 million "for the establishment of a supply and service center for tuna fleets operating in the East African/Indian Ocean region." (*Id.*) Unfortunately, Defendant became delinquent on its loan payments resulting in Defendant's default under the terms of the loan agreement. (*Id.* at ¶ 10.) Consequently, on February 7th, 2010, Plaintiff filed the instant action.

On December 1, 2011, the Court entered Default Judgment in favor of Plaintiff and against Defendant in the amount of $981.953.96. (Default Judgment, ECF No. 15.) In order to identify which assets Plaintiff could target to satisfy this judgment, Plaintiff requested that the Court enter an order requiring Defendant to attend a judgment debtor examination. (Mot. for

Judgment Debtor Exam, ECF No. 16.)  Magistrate Judge Leen granted Plaintiff's request and Plaintiff examined Maria Luz Marigomen, Defendant's sole officer. (Mot. for TRO 2:24-25, ECF No. 19.)  During the examination, Ms. Marigomen discussed a bank account that was opened in the name of Casamar Manufacturing USA, Inc. (*Id.* at 2:25-3:3.)  Allegedly, this account was created to avoid Defendant's judgment creditors. (*Id.*)  In response, Plaintiff filed this motion requesting that the Court issue a Temporary Restraining Order that would freeze the Casamar Manufacturing bank account until Plaintiff could execute upon it in satisfaction of the judgment.

## II.  LEGAL STANDARD

"Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, *Inc.*, 555 U.S. 7, 22 (2008).  Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).  Specifically, a preliminary injunction may be issued only when a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Id.*, at 20.  Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Alternatively, the Ninth Circuit has held that district courts may issue an injunction if the first two elements are met and there are "serious questions going to the merits" and there is "a

hardship balance that tips sharply toward the plaintiff." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

### III. DISCUSSION

Plaintiff has failed to carry its burden of establishing the four *Winter* elements. Specifically, Plaintiff recited the legal standard but failed to allege any facts establishing a likelihood of success on the merits.[1] In fact, other than a cursory mention of this requirement, Plaintiff's brief in support of its motion for a temporary restraining order is completely devoid of any discussion of this first element of the *Winter* test. Furthermore, Plaintiff's brief lacks citation to any legal authority which could authorize this Court to issue the requested relief. For these reasons, the Court **DENIES** Plaintiff's Motion for Temporary Restraining Order.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 19) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, Plaintiff's Motion for Preliminary Injunction (ECF No. 20) is **DENIED without prejudice**.

**DATED** this  18th  day of December, 2012.

_____
Gloria M. Navarro
United States District Judge

---

[1] Because the Court finds that Plaintiff failed to show that it will likely succeed on the merits, the Court need not reach the remaining elements of the *Winter* test. However, it should be noted that these elements are also deficiently briefed.